UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bakary Toure,<br><br>                              Plaintiff,<br>       -v-<br><br>Thunder Lube Inc.,<br>Abko Associates Inc., and<br>Hagay Keren,<br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Bakary Toure ("Plaintiff" or "Toure"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of Defendants Thunder Lube Inc., Abko Associates Inc., and Hagay Keren (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving

notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages and/or interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

7. Plaintiff Bakary Toure ("Plaintiff" or "Toure") is an adult, over eighteen years old, who currently resides in New York County, New York.

8. At all times relevant herein, Thunder Lube Inc. ("Thunder Lube") was a domestic New York for-profit corporation.

9. At all times relevant herein, Abko Associates Inc. ("Abko") was a domestic New York for-profit corporation.

10. Upon information and belief and at all times relevant herein, the corporate Defendants were owned/controlled/managed by Defendant Hagay Keren ("Keren") who was in charge of the operations and management of Thunder Lube and Abko.

11. Upon information and belief and at all times relevant herein, Defendants shared a place of business in Kings County, New York at 474 Coney Island Avenue, Brooklyn, NY 11218 where they employed Plaintiff.

12. Upon information and belief and at all times relevant herein, Defendants constituted a single business. Around October 2015, the name of the business that employed Plaintiff changed from Abko Associates Inc. to Thunder Lube Inc. but in essence, all aspects of the business remained the same, including ownership, operations and Plaintiff's employment.

13. At all times relevant herein, Defendants, Individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

14. At all times relevant herein, Defendants employed Plaintiff individually and/or jointly.

## STATEMENT OF FACTS

15. Upon information and belief, and at all times relevant herein, Defendants were engaged in the business of providing oil change and car wash services.

16. Upon information and belief, and at all times relevant herein, Defendants owned and operated two or more locations and employed about 60 or more employees.

17. Plaintiff was employed by Defendants, individually and/or jointly from in or around January 2007 to on or about January 1, 2017.

18. At all times relevant herein, Plaintiff was employed by Defendants as an as an oil change technician and lube operator.

19. At all times relevant herein, Plaintiff was paid at an hourly rate of about $7.40 - $11 an hour, at separate times during his employment with Defendants.

20. At all times relevant herein, Plaintiff Toure was also paid commissions of about $300 each week.

21. At all times relevant herein, Defendants had a policy and practice of not including Plaintiff's

weekly commissions in his weekly wages when computing Plaintiff's effective regular rate and his overtime rate – this failure resulted in an underpayment of overtime wages in each week during Plaintiff's employment with Defendants. For example, for the weekly pay period ending August 28, 2016 Plaintiff worked 60 hours – he was paid for 40 hours at $9.00 an hour and for 20 hours at $13.50 an hour. However, during this pay period Plaintiff earned about $300 in commission but these commissions were not included in the calculation of overtime rate or wages – because of this failure, Defendants owe Plaintiff an additional $150 in overtime wages for this particular work week. By way of further example, for the weekly pay period ending September 20, 2015 Plaintiff worked 64 hours – he was paid for 40 hours at $8.00 an hour and for 24 hours at $12.00 an hour. However, during this pay period Plaintiff earned about $300 in commission but these commissions were not included in the calculation of overtime rate or wages – because of this failure, Defendants owe Plaintiff an additional $150 in overtime wages for this particular work week.

22. Throughout his employment with Defendants, and at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendants in each and all weeks, but was not paid at a rate of at least 1.5 times his regular rate (including commissions) for <u>each</u> and all hours worked in excess of forty hours in each week.

23. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate (including commissions) of pay for each and all hours worked in excess of forty hours a week.

24. At all relevant times herein, Defendants' overtime violation included Defendants' failure to include the commissions paid to Plaintiff in the calculation of Plaintiff's overtime wages.

25. Upon information and belief and at all times relevant herein, Plaintiff worked about 60 or more hours each week for Defendants, 6 days a week. Plaintiff's work hours and wages will be refined when Defendants produce Plaintiff's employment, wage and time records they were required to keep under the FLSA and NYLL and accurate copies of such records incorporated herein.

26. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

27. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not state all wages earned by Plaintiff nor Plaintiff's correct overtime rate of pay, among other deficiencies.

28. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500,000.

29. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

30. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of lube oil, car parts, and accessories.

31. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

32. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

35. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the

two-year and three-year period preceding the filing of this complaint but this period may be longer.

36. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

37. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

38. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

39. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

40. "Plaintiff" as used in this complaint refers to the named Plaintiff.

41. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## **AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime**
## **FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.**

42. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA – 29 USC 201 et Seq.

44. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the

production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

45. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

46. At all times relevant herein, Defendants failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay (including commissions) for each hour worked in excess of forty hours in each work week, as set forth above, in violation of 29 U.S.C. § 207.

### Relief Demanded

47. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

48. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

50. At all times relevant herein, Defendants <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay (including commissions) for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

51. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from

Defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

52. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as if fully set forth at length herein.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

54. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, for failing to pay Plaintiff his unpaid overtime wages, Plaintiff was entitled to, as required by NYLL §§ 191, 193 and 198.

55. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

56. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

57. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid

wages, including his unpaid overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

58. Declare Defendants (including its overtime and wage payment policy and practice) to be in violation of the rights of Plaintiff, under the FLSA, Article 6 of the New York Labor Law, the New York Minimum Wage Act and the Regulations thereunder;

59. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

60. As to the **Second Cause of Action**, award Plaintiff, his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

61. As to the **Third Cause of Action**, award Plaintiff, any and all outstanding wages, including his unpaid overtime wages, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

62. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

63. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**

**February 5, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF