UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BAKARY TOURE,

                Plaintiff,

    -against-

THUNDER LUBE INC.,
ABKO ASSOCIATES INC., and HAGAY KEREN

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
17-cv-0657 (DLI) (JO)

**DORA L. IRIZARRY, Chief United States District Judge:**

On February 5, 2017, Plaintiff commenced this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), § 650 *et seq. See generally*, Complaint ("Compl."), Docket ("Dkt.") Entry No. 1. On April 19, 2018, Defendants Thunder Lube Inc. ("Thunder Lube"), Abko Associates Inc. ("Abko"), and Hagay Keren (collectively, "Defendants"), moved to compel arbitration and to dismiss the complaint or, in the alternative, to stay the action pending arbitration. Motion to Dismiss and/or Compel Arbitration, Dkt. Entry No. 36. Plaintiff opposed, *See*, Plaintiff's Memorandum in Opposition to Defendants' Motion ("Pl.'s Opp."), Dkt. Entry No. 38, and Defendants replied, *See*, Reply to Plaintiffs' Opposition to Defendants' Motion ("Reply"), Dkt. Entry No. 39. For the reasons set forth below, the motion to compel arbitration is granted and the motion to dismiss is denied.

**I.    Background**

Thunder Lube operates a car washing and oil change business in Brooklyn, New York that it acquired from Abko in 2015. *See*, Compl. ¶ 12. From 2007 through 2017, Plaintiff worked at the business as an oil change and lube technician. *Id.* ¶ 17. Plaintiff alleges that during that time

Defendants violated the FLSA and NYLL by failing to include cash commissions in his overtime pay calculations. *Id.* ¶ 21.

In April 2015, Plaintiff executed an arbitration agreement with Abko (the "Agreement"). *See*, Agreement, Dkt. Entry No. 36. Under the Agreement, Plaintiff agreed to arbitrate any claims or disputes that arise out of his employment with Defendants. The Agreement states in pertinent part:

> [Plaintiff] agrees to arbitrate any and all claims, disputes and or controversies, including but not limited to, all statutory claims and any and all state and or federal claims, that may arise out of or relate in any way to my work and or performance of services for ABKO ASSOCIATES INC. ("Abko" or "Company") and any other existing Corporation, including but not limited to claims, disputes and or controversies involving their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors and attorneys, past and present.

*Id.* ¶ 1. If a dispute arises, the Agreement requires Plaintiff to notify Abko, in writing, explaining the nature of the claim. *Id.* ¶ 5. Within 30 days of the notice, the parties are to meet to attempt to resolve the claim, after which, the complaining party may seek arbitration. *Id.* The arbitration will be held at a location chosen by Abko within a fifty-mile radius of its office. *Id.* ¶ 5.

The Agreement prohibits the award of "punitive, consequential, special, or indirect damages," and equitable relief, and directing each party to bear its own costs and attorneys' fees. *Id.* ¶ 9. Finally, the Agreement has a severance clause that states: "if any part of [the Agreement] is found to be unenforceable for any reason, the remaining provisions shall remain enforceable." *Id.* ¶ 11.

Notwithstanding this arbitration clause, Plaintiff commenced this action alleging Defendants violated the FLSA and NYLL by failing to pay Plaintiff overtime wages. *See*, Compl. Defendants' Answer did not include the right to arbitrate as an affirmative defense. *See*, Answer, Dkt. Entry No. 10. On June 22, 2017, the parties, each represented by counsel, appeared before

2

the magistrate judge for an initial conference. At the conference, the parties represented "they are engaging in settlement negotiations and are likely to reach an agreement soon." *See*, Initial Conference Minute Entry, Dkt. Entry No. 14.

On August 28, 2017, Defendants substituted their current counsel to this action. *See*, Motions to Substitute Attorney, Dkt. Entry Nos. 15, 16. Upon taking over the case, Defendants' new counsel discovered the Agreement at Defendants' place of business. *See*, Declaration of David Hartheimer ("Hartheimer Decl."), Dkt. Entry No. 36, ¶ 2. Shortly thereafter, Defendants' counsel contacted Plaintiff's counsel to discuss the Agreement. *Id.* ¶ 3. Plaintiff's counsel purportedly failed to respond to this outreach. *Id.*

On October 10, 2017, Defendants' counsel sent a letter to Plaintiff's counsel stating that Defendants sought to arbitrate the dispute pursuant to the Agreement. *See*, Letter dated October 10, 2017, Dkt. Entry No. 39-1, Ex. D. On November 20, 2017, Plaintiff's counsel replied that the Agreement did not apply "at this stage." *See*, Email dated November 20, 2017, Dkt. Entry No. 39-1, Ex. F.

That same day, Defendants moved for a pre-motion conference seeking leave to file a motion to dismiss the complaint. *See*, Motion for Pre-Motion Conference, Dkt. Entry No. 21. The Court denied Defendants' request and directed the parties to attend "at least one settlement conference before the magistrate judge." *See*, Minute Entry for Conference dated December 4, 2017. Defendants then moved to stay discovery. *See*, Motion to Stay Discovery, Dkt. Entry No. 25. On December 12, 2017, the magistrate judge denied Defendants' motion to stay and ordered limited discovery. *See*, Minute Entry for Conference dated December 14, 2017. On January 10, 2018, the magistrate judge stayed discovery in anticipation of this motion. On April 19, 2018,

Defendants moved to dismiss or compel arbitration. Motion to Dismiss and/or Compel Arbitration, Dkt. Entry No. 36.

Defendants argue that the Agreement governs the parties' dispute and that the Court should compel arbitration. *See*, Defendants' Memorandum in Support ("Defs.' Mem."), Dkt. Entry No. 37, at 7-11. Alternatively, Defendants contend that the Complaint fails to allege a claim and should be dismissed. *See*, *Id.* at 12-22. In response, Plaintiff contends that Defendants waived their right to arbitrate by: (i) failing to plead it as an affirmative defense in their Answer; and (ii) engaging in discovery and belatedly filing the motion to compel. *See*, Pl.'s Opp. at 7-11. Plaintiff further argues that the Agreement is unenforceable and void because it surrenders Plaintiff's statutory rights under the FLSA and the NYLL and the fifty-mile location proposed for the arbitration is void because it is inconvenient. *See*, *Id.* at 20-21.

## II. Legal Standard and Discussion

"The Federal Arbitration Act ('FAA') creates a body of federal substantive law of arbitrability applicable to arbitration agreements affecting interstate commerce." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (internal citations and quotation marks omitted). "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). With this in mind, the Supreme Court "repeatedly [has] described the [FAA] as embodying a national policy favoring arbitration and a liberal federal policy favoring arbitration agreements." *Id.* at 346 (internal citations and quotation marks omitted); *See also*, *Preston v. Ferrer*, 552 U.S. 346, 349 (2008) (internal citations omitted).

"In deciding motions to compel [arbitration], courts apply a 'standard similar to that applicable for a motion for summary judgment.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229

4

(2d Cir. 2016) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). This standard "requires a court to 'consider all relevant, admissible evidence submitted by the parties and contained in the pleadings,'" and other filings to the Court. *Id*. at 229 (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002)). "In doing so, the court must draw all reasonable inferences in favor of the non-moving party." *Id*. (internal citations omitted).

A motion to compel arbitration goes to the Court's power to hear a case. Thus, such a motion is analogous to, and sometimes is treated as, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See*, *e.g.*, *Tyler v. City of New York*, No. 05-cv-3620, 2006 WL 1329753, at *2 (E.D.N.Y. May 16, 2006). Since "jurisdiction generally must precede merits in dispositional order," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998)), a district court generally should rule on a motion to compel arbitration before proceeding to a merits-based motion to dismiss. *See*, *182 Needham v. United States*, No. 17-cv-05944, 2018 WL 3611944, at *2 (S.D.N.Y. July 27, 2018) (internal quotation omitted).

The threshold question facing any court considering a motion to compel arbitration is whether the parties have indeed agreed to arbitrate. *See*, *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012). If the court is satisfied that such an agreement exists, the court also must consider: (i) "the scope of that agreement"; (ii) "if federal statutory claims are asserted, . . . whether Congress intended those claims to be nonarbitrable"; and (iii) "if the court concludes that some, but not all, of the claims in the case are arbitrable, . . . whether to stay the balance of the proceedings pending arbitration." *JLM Indus., Inc. v. Stolt–Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004) (quoting *Oldroyd v. Elmira Sav. Bank. FSB*, 134 F.3d 72, 75–76 (2d Cir. 1998)). Under the FAA, courts can deny enforcement of arbitration agreements "upon such grounds as exist at law or in

5

equity for the revocation of any contract." 9 U.S.C. § 2. The FAA also allows arbitration agreements "to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability[.]" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).

A federal court's decision on the validity of an arbitration agreement is a matter of state contract law. *See*, *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) ("Whether one can be bound by an arbitration clause is usually determined by looking at generally accepted principles of contract law.") (internal citations omitted); *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp.2d 439, 443 (S.D.N.Y. 2004) (quoting *First Options, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "Under general contract principles[,] a party is bound by the provisions of a contract that he signs unless he can show special circumstances that would relieve him of such an obligation." *Genesco, Inc. v. T. Kakiuchi & Co. Ltd.*, 815 F.2d 840, 845 (2d Cir. 1987) (internal citations omitted).

A. **Defendants' Motion to Compel Arbitration**

The Court finds that the parties here agreed to arbitrate the dispute. First, it is uncontested that Plaintiff voluntarily signed the Agreement. Plaintiff's claim that he had difficulty reading the agreement is insufficient to void his obligations under the Agreement. *See*, *Rodriguez Depena v. Parts Auth. Inc.*, 877 F.3d 122, 124 (2d Cir. 2017) (holding that "a language barrier does not prevent enforcement of contract obligations."). Second, Plaintiff's unpaid overtime claims fall squarely within the scope of the Agreement as they relate directly to Plaintiff's work for Defendants. *See*, Agreement, ¶ 1 (Plaintiff agrees to "arbitrate any and all claims" that may arise out of or relate to his employment with Defendants). Finally, Plaintiff's FLSA and NYLL causes

of action are arbitrable. *See*, *Rodriguez-Depena*, 877 F.3d at 124 (holding that FLSA and NYLL claims are arbitrable). Thus, the Agreement governs Plaintiff's claims.

Next, the Court concludes that Defendants have not waived their right to arbitrate Plaintiff's claims. "'[T]here is a strong presumption in favor of arbitration and that waiver of the right to arbitration is not to be lightly inferred." *Coca-Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812, Int'l Bhd. of Teamsters*, 242 F.3d 52, 57 (2d Cir. 2001) (internal quotation marks omitted). The party seeking to establish a waiver must satisfy a "heavy burden." *Sweater Bee by Banff, Ltd. v. Manhattan Indus.*, 754 F.2d 457, 466 (2d Cir. 1985). In order to determine if Defendants have waived their right to arbitration, the Court must consider the following factors: "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 626 F.3d 156, 159 (2d Cir. 2010). A party waives its right to arbitration "when it engages in protracted litigation that prejudices the opposing party." *Tech. in P'ship, Inc. v. Rudin*, 538 F. App'x 38, 39 (2d Cir. 2013) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000). Whether a party's pretrial conduct amounts to waiver of the defense of arbitration is a question of law. *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995); *See*, *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985).

"There is no rigid formula or bright-line rule for identifying when a party has waived its right to arbitration, however, the key to a waiver analysis is prejudice." *Chehebar v. Oak Fin. Grp., Inc.*, No. 14-cv-2982, 2017 WL 946292, at *3 (E.D.N.Y. Mar. 7, 2017) (internal quotations omitted). "Absent evidence of excessive cost, the presumption in favor of arbitration cannot be overcome merely on the basis of the length of the delay." *Thyssen v. Calypso Shipping Corp., S.A.*,

310 F.3d 102, 105 (2d Cir. 2002). To evaluate the effect of the amount of litigation in a waiver analysis, "courts find relevant, *inter alia*, any motion practice engaged in by the parties, and the extent of discovery the parties have exchanged." *Commercial Lubricants*, *LLC v. Safety-Kleen Sys.*, (citing *Tech. in P'ship, Inc.* 538 F. App'x at 39). Notably, "there must be 'litigation pertaining to "substantial issues going to the merits." *Del Turco v. Speedwell Design*, 623 F. Supp. 2d 319 (E.D.N.Y. 2009) (quoting *In re S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80 (2d Cir. 1998)).

Here, neither the amount of litigation nor the expense incurred throughout the proceedings reaches the level justifying the finding of a waiver. *Leadertex*, 67 F.2d at 26 ("[P]retrial expense and delay–unfortunately inherent in litigation–without more, do not constitute prejudice sufficient to support a finding of waiver."). Moreover, contrary to Plaintiff's argument, Defendants have not waived their right to arbitration because of their failure to include the arbitration defense in their answer. *Thyssen, Inc., S.A.*, 310 F.3d at 105-06 ("[T]here is no *per se* rule that arbitration must be pleaded in the answer in order to avoid waiver."). Additionally, the six-month delay between the filing of the Answer and when Defendants first raised the arbitration defense is insufficient to find a waiver. *See*, *e.g.*, *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (no waiver after a three-year delay in raising arbitration defense); *Rush*, 779 F.2d at 888 (no waiver after eight-month delay). As a result, Plaintiff fails to meet his "heavy burden" to establish that Defendants waived their right to arbitration. *Sweater Bee*, 754 F.2d at 466.

The Court also declines to strike the Agreement's provisions about the proposed location of the arbitration as it does not render the Agreement unconscionable. Plaintiff argues that arbitration should conducted in New York, and not within the fifty-mile radius of Abko's office, which potentially includes New Jersey or Connecticut where Plaintiff's counsel is not licensed to

practice law. *See*, Pl.'s Opp. at 20-21. A court may not decline to enforce an arbitration agreement based on mere potential inconvenience to one party. *See*, *e.g.*, *Doctor's Assocs., Inc. v. Hamilton*, 150 F.3d 157, 163 (2d Cir. 1998) (rejecting claim that arbitration clause was unconscionable because of costs and inconvenience of forum where arbitration clause disclosed costs and location and plaintiff did not contest receiving notice of this clause).

However, the provisions of the Agreement that surrender Plaintiff's statutory rights under the FLSA and NYLL and the Agreement's cost-shifting provision are unenforceable as against public policy. The Supreme Court has set forth an "effective vindication" exception to the FAA that permits courts to invalidate "on 'public policy' grounds" agreements that "operat[e] . . . as a prospective waiver of a party's right to pursue [federal] statutory remedies." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013) (first and second alterations in original) (emphasis omitted) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). It has explained that this exception "would certainly cover a provision in an arbitration agreement forbidding the assertion of certain statutory rights." *Id.* at 236.

The FLSA and NYLL, both beneficent statutes intended to protect workers, require defendant employers to pay the attorneys' fees of prevailing plaintiff workers to encourage "private attorneys general" to enforce the statute. *See*, *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12-cv-6094, 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014); *See also*, *Fernandez v. Kinray, Inc.*, No. 13-cv-4938, 2014 WL 12778829, at *7 (E.D.N.Y. Feb. 5, 2014). This compensation mechanism is "key to the effective enforcement" of both statutes. *Fernandez*, 2014 WL 12778829, at *7. Similarly, liquidated damages are substantive rights available under both the FLSA and NYLL. *See*, 29 U.S.C. §§ 216(b), 217; N.Y. Labor Law §§ 198(1–a), 663(1).

9

Here, the Agreement's provisions that waive Plaintiff's right to seek liquidated damages, equitable relief, and attorneys' fees, as well as its cost shifting provision, are unenforceable.[1] These provisions are invalid because they act as a "prospective waiver of [Plaintiff's] right to pursue statutory remedies." *Am. Exp.*, 570 U.S. at 236 (emphasis omitted) (quoting *Mitsubishi Motors*, 473 U.S. at 628). The Agreement's cost shifting provision also prevents the "effective vindication" of Plaintiff's FLSA and NYLL rights and, thus, is void. *See*, *Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527, 537 (E.D.N.Y. 2016). That said, the waiver of the rights discussed above requires only that the Court strike the offending portions under the Agreement's severability clause. Agreement ¶ 23.

B. **Defendants' Motion to Dismiss the Complaint**

As the Court has granted Defendants' motion to compel arbitration, the motion to dismiss is denied. If a court finds compels arbitration under a written agreement, both the FAA and New York law mandate that the action be stayed pending arbitration. *See*, 9 U.S.C. § 3; CPLR § 7503(a). When, as here, Defendants seek dismissal of the action, the Court has discretion in determining whether to dismiss or stay the action. *See*, *Zambrano v. Strategic Delivery Sols., LLC*, No. 15-cv-8410, 2016 WL 5339552, at *10 (S.D.N.Y. Sept. 22, 2016).

---

[1] In an abundance of caution, the Court construes the Agreement's reference to punitive damages to preclude the award of liquidated damages.

## III. Conclusion

For the foregoing reasons, the motion to compel arbitration is granted and the motion to dismiss is denied. At the arbitration, Plaintiff may vindicate all of his statutory rights under the FLSA and the NYLL. This action is administratively closed pending arbitration. Any party wishing to challenge the arbitration decision must do so within thirty (30) days thereof and move to reopen the case.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2019

                                                                  /s/
                                          DORA L. IRIZARRY
                                             Chief Judge